FILED
2022 MAR 30
CLERK
U.S. DISTRICT COURT

Timothy Nichols (#12610)
tnichols@wnlaw.com
Brian N. Platt (#17099)
bplatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for DP Creations, LLC*

Case: 2:22-cv-00230
Assigned To : Barlow, David
Assign. Date : 03/30/2022
Description: DP Creations v. Adolly.com et al

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company | **Case No:** |
| Plaintiff, | **[FILED UNDER SEAL]** |
| vs. | **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| ADOLLY.COM, an unknown Chinese business entity; SHENZHEN CITY AIDUOLA HUALIANWANG, LTD. dba ADOLLY US, an unknown Chinese business entity; HUIZHOU CITY OTARD GIFTS, LTD., dba OTARDDOLLS, an unknown Chinese business entity; RUGAO LUOEN TRADING CO., LTD. dba REBORN DOLL GALLERY, an unknown Chinese business entity; NANJING TIANZENG GIFTS, LTD., dba NPK, an unknown Chinese business entity. | **JURY DEMANDED** |
| Defendants. | |

Plaintiff DP Creations, LLC dba Bountiful Baby ("Bountiful Baby") complains and alleges as follows against Defendants Adolly.com ("ADC"), Shenzhen City Aiduola Hualianwang, Ltd., dba Adolly US ("ADUS"), Huizhou City Otard Gifts, Ltd., dba OtardDolls ("OTD"), Rugao Luoen Trading Company, Ltd., dba Reborn Doll Gallery ("RDG"), and Nanjing Tianzeng Gifts, Ltd., dba NPK ("NPK") (collectively, "Defendants").

## THE NATURE OF THE ACTION

1.     This is an action for copyright infringement in violation of 17 U.S.C. § 106 *et seq.*

2.     Bountiful Baby owns exclusive rights in United States Copyright Registration Nos. VA0002269514, VA0002269515, VA0002268599, VA0002269513, VA0002268423, VA0002264579, VA0002265489, VA0002255282, VA0002281257, VA0002281255, VA0002271682, VA0002272482, VA0002272481, VA0002284512, VA0002284359, VA0002272484, VA0002268524, VA0002268519, VA0002255449, VA0002271944, VA0002271942, VA0002273961, VA0002277644, and VA0002271799 (the "Bountiful Baby Copyrights").

3.     Denise and Nevin Pratt started Bountiful Baby after Denise discovered an extraordinary talent for making incredibly realistic dolls.  These ultra-realistic dolls are known in the industry as "reborn dolls" because of their incredibly lifelike features and appearance.

4.     Bountiful Baby specializes in selling kits and supplies for the making of reborn dolls, and its products are renowned for their exceptional realism.  Such dolls are uncanny in their realism and can be almost indistinguishable from a real baby.  The exemplary reborn doll below was painted and "brought to life" by master reborn artist Jacqueline Kramer.



https://bountifulbaby.com/collections/full-vinyl-kits/products/6076

5.      Defendants are Chinese counterfeiters that steal Bountiful Baby's copyrighted reborn doll sculptures (covered by the Bountiful Baby Copyrights) and make unauthorized copies and infringe Bountiful Baby's rights by selling counterfeit products.

6.      Bountiful Baby seeks, among other relief, an injunction preventing Defendants from further infringing the Bountiful Baby Copyrights, and damages or disgorgement of Defendants' profits from its infringement.

<u>**THE PARTIES**</u>

7.      Plaintiff Bountiful Baby is a dba of DP Creations, LLC, a Utah limited liability company with a principal place of business at 2140 South 3600 West, West Valley City, Utah 84119.  Bountiful Baby does business in the District of Utah, has numerous employees and customers in the District of Utah, and has suffered injury in the District of Utah.

8.      Defendant Adolly.com ("ADC") is a Chinese business entity. Defendant ADC copies sculptures owned by Bountiful Baby and lists them for sale on its website www.adolly.com.

3

Defendant ADC accepts PayPal payments through adolly@adolly.com and www.adolly.com and corresponds with customers through an email address at doll@adolly.com and adolly@adolly.com.

9.      Defendant Adolly US ("ADUS") is a Chinese business entity. Defendant ADUS copies sculptures owned by Bountiful Baby and lists them for sale on www.amazon.com and www.ebay.com. Defendant ADUS accepts payments and corresponds with customers through www.amazon.com.  Defendant ADUS does business on www.ebay.com as rebornfamily and adolly, accepts PayPal payments through www.ebay.com, and corresponds with customers through www.ebay.com and an email address at adolly_hws5398ng@members.ebay.com.hk.

10.     Defendant OtardDolls ("OTD") is a Chinese business entity. Defendant OTD copies sculptures owned by Bountiful Baby and lists them for sale www.aliexpress.com. Defendant OTD accepts payments through www.aliexpress.com and corresponds with customers through www.aliexpress.com and an email address at sales@otardgifts.com.

11.     Defendant Reborn Doll Gallery ("RDG") is a Chinese business entity. Defendant RDG copies sculptures owned by Bountiful Baby and lists them for sale on www.amazon.com. Defendant RDG corresponds with customers through www.amazon.com and an email address at 634843639@qq.com. Defendant RDG accepts payments through www.amazon.com.

12.     Defendant NPK ("NPK") is a Chinese business entity. Defendant NPK copies sculptures owned by Bountiful Baby and lists them for sale on www.aliexpress.com. Defendant NPK accepts payments through www.aliexpress.com and corresponds with customers through www.aliexpress.com and email addresses at sales@npk.com.cn and npkdolls@gmail.com.

## JURISDICTION

13.     This Court has subject matter jurisdiction under 17 U.S.C. § 411(a) (action arising under the Copyright Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction).

14.     This Court also has personal jurisdiction over each of the Defendants because they have committed acts of copyright infringement in violation of 17 U.S.C. § 106 in this Judicial District, targeted Bountiful Baby in this Judicial District, and because Defendants have placed infringing products into the stream of commerce with the knowledge or understanding that such products are sold in the State of Utah and in this Judicial District.  In addition, the acts by Defendants are targeted to cause commercial injury to Bountiful Baby in this Judicial District.  In addition, Defendants derive substantial revenue from their sale of infringing products within this Judicial District and in the United States, expect their actions to have consequences within this Judicial District, and derive substantial revenue from interstate and international commerce directed both to and from this Judicial District.  Moreover, an exercise of personal jurisdiction over each of the Defendants is proper under Utah's Long Arm Statute, Utah Code Ann § 78-27-22, and an exercise of personal jurisdiction over the Chinese Defendants is proper under Federal Rule of Civil Procedure 4(k)(2).

## VENUE

15.     Defendants are individuals or entities subject to personal jurisdiction in this District.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim took place in this District:  Defendants transact business within this district and Bountiful Baby has suffered harm in this District.  Venue is proper in this district

under 28 U.S.C. § 1391(b)(3) because certain Defendants are individuals whose names and addresses of residence are unknown that are otherwise subject to personal jurisdiction in this District.  Venue is also proper in this judicial district under 28 U.S.C. § 1391(c)(3) because certain of the Defendants are foreign persons or corporations subject to personal jurisdiction in this District.

## **BACKGROUND**

16.     Started in 2001, Bountiful Baby is a world-leading manufacturer of Realborn® reborn doll kits and supplies, which it sells on its website www.BountifulBaby.com.  Bountiful Baby is a Utah-based limited liability company with its headquarters in West Valley City, Utah.  Bountiful Baby operates the world's largest reborn doll supply store.  Bountiful Baby protects the sculptures and images of the infant models for its reborn doll designs with the U.S. Copyright Office.

17.     The Defendant OTD and Defendant NPK are related as shown in this exemplary listing at www.amazon.com.





6

(Exhibit A)

18.      Upon information and belief, Defendant OTD and Defendant ADUS are related as

shown in this exemplary listing at www.amazon.com.



(Exhibit B)

19.      Bountiful Baby owns United States Copyright Registration No. VA0002269514 for

the reborn doll infant sculpture known as "3 Month Joseph Sleeping Head" (the "Joseph 3M

Sleeping Head Sculpture"), VA0002269515 for the reborn doll infant sculpture known as "3

Month Joseph Arms" (the "Joseph 3M Arms"), and VA0002268599 for the reborn doll infant

sculpture known as "3 Month Joseph Legs" (the "Joseph 3M Legs"). The Joseph 3M Sleeping

Head Sculpture, the Joseph 3M Arms, and the Joseph 3M Legs are collectively referred to as the

"Joseph 3M Sleeping Sculptures."

**Copyrighted Joseph 3M Sleeping Head Sculpture**



**Copyrighted Joseph 3M Arms**



**Copyrighted Joseph 3M Legs**



**Exemplary "Joseph 3M Sleeping" Sculptures**



20.    Defendant ADC has willfully and knowingly created at least 3 infringing reborn dolls based on the copyrighted Joseph 3M Sleep Sculptures as shown in these exemplary listings from www.adolly.com.





(Exhibit C)

21.     The Defendant ADUS has willfully and knowingly created at least 3 infringing reborn dolls based on the copyrighted Joseph 3M Sleep Sculptures as shown in these exemplary listings from www.amazon.com.



10





(Exhibit D)

22.     Defendant OTD has willfully and knowingly created at least 5 infringing reborn

dolls based on the copyrighted Joseph 3M Sleep Sculpture as shown in these exemplary listings

from www.aliexpress.com.

11









(Exhibit E)

23.     Defendant NPK has willfully and knowingly created at least 7 infringing reborn dolls based on the copyrighted Joseph 3M Sleep Sculpture as shown in these exemplary listings from www.aliexpress.com.









(Exhibit F)

24.     Bountiful Baby owns United States Copyright Registration Nos. VA0002269513 for the reborn doll infant sculpture known as "3 Month Joseph Awake Head" (the "Joseph 3M Awake Head Sculpture"). The Joseph 3M Awake Head Sculpture, the Joseph 3M Arms, and the Joseph 3M Legs are collectively referred to as the "Joseph 3M Awake Sculptures.

**Copyrighted Joseph 3M Awake Head Sculpture**



**Copyrighted Joseph 3M Arms**



**Copyrighted Joseph 3M Legs**



**Exemplary "Joseph 3M Awake" Sculptures**



25.    Defendant ADC has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Joseph 3M Awake Sculptures as shown in this exemplary listing from www.adolly.com.



(Exhibit G)

26.     The Defendant ADUS has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Joseph 3M Awake Sculptures as shown in this exemplary listing from www.amazon.com.



(Exhibit H)

27.     Defendant OTD has willfully and knowingly created at least 2 infringing reborn

dolls based on the copyrighted Joseph 3M Awake Sculptures as shown in this exemplary listing

from www.aliexpress.com.





(Exhibit I)

28.     Defendant RDG has willfully and knowingly created at least 4 infringing reborn dolls based on the copyrighted Joseph 3M Awake Sculptures as shown in this exemplary listing from www.amazon.com.







(Exhibit J)

29.     Defendant NPK has willfully and knowingly created at least 3 infringing reborn dolls based on the copyrighted Joseph 3M Awake Sculpture as shown in these exemplary listings from www.aliexpress.com.







(Exhibit K)

30.     Bountiful Baby owns United States Copyright Registration Nos. VA0002268423 for the reborn infant sculpture known as "Nod Head" (the "Nod Head Sculpture"), VA0002265479 for the reborn infant sculpture known as "Nod Arms" (the "Nod Arms Sculpture"), and VA0002265489 for the reborn infant sculpture known as "Nod Legs" (the "Nod Legs Sculptures"). The Nod Head Sculpture, the Nod Arms Sculpture, and the Nod Legs Sculpture are collectively referred to as the "Nod Sculptures."

**Copyrighted Nod Head Sculpture**

**Copyrighted Nod Arms Sculpture**

**Copyrighted Nod Legs Sculpture**





**Exemplary Nod Sculptures**



31.     Defendant ADS has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Nod Sculptures as shown in this exemplary listing from www.adolly.com.



(Exhibit L)

32.     Defendant OTD has willfully and knowingly created at least 3 infringing reborn dolls based on the copyrighted Nod Sculptures as shown in this exemplary listing from

www.aliexpress.com.





(Exhibit M)

33.     Bountiful Baby owns United States Copyright Registration Nos. VA0002255282 for the reborn doll infant sculpture known as "Darren Sleeping Head" (the "Darren Sleeping Head Sculpture"), VA0002281257 for the reborn doll infant sculpture known as "Darren Awake Asleep Arms" (the "Darren Arms Sculpture"), and VA0002281255 for the reborn doll infant sculpture known as "Darren Awake Asleep Legs" (the "Darren Legs Sculpture"). The Darren Sleeping Head Sculpture, the Darren Arms Sculpture, and the Darren Legs Sculpture are collectively referred to as the "Darren Sculptures."

**Copyrighted Darren
Sleeping Head Sculpture**

**Copyrighted Darren Arms
Sculpture**

**Copyrighted Darren Legs
Sculpture**





**Exemplary "Darren" Sculptures**



34.     Defendant ADC has willfully and knowingly created at least 2 additional infringing

reborn doll based on the copyrighted Darren Sleep Sculpture as shown in these exemplary listings

from www.adolly.com:





(Exhibit N)

35.     Defendant OTD has willfully and knowingly created at least 5 additional infringing reborn dolls based on the copyrighted Darren Sleep Sculpture as shown in these exemplary listings from www.aliexpress.com.







(Exhibit O)

36.     Defendant NPK has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Darren Sculptures as shown in the exemplary listing from aliexpress.com.



(Exhibit P)

37.    Bountiful Baby also owns United States Copyright Registration Nos. VA0002271682 for the reborn doll infant sculpture known as "Easton Head" (the "Easton Head Sculpture"), VA0002272482 for the reborn doll infant sculpture known as "Easton Arms" (the "Easton Arms Sculpture"), and VA0002272481 for the reborn doll infant sculpture known as "Easton Legs" (the "Easton Legs Sculpture"). The Easton Head Sculpture, the Easton Arms Sculpture, and the Easton Legs Sculpture are collectively referred to as the "Easton Sculptures".

**Copyrighted Easton Head Sculpture**   **Copyrighted Easton Arms Sculpture**   **Copyrighted Easton Legs Sculpture**

      

**Exemplary Easton Sculptures**



38.   Defendant ADUS has willfully and knowingly created at least 3 infringing reborn doll works based on the copyrighted Easton Sculptures as shown in this exemplary listing from www.ebay.com.



(Exhibit Q)

39.     Defendant OTD has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Easton Sculptures as shown in this exemplary listing from www.aliexpress.com.



(Exhibit R)

39

40.     Bountiful Baby also owns United States Copyright Registration Nos. VA0002284512 for the reborn doll infant sculpture known as "Elliot Head" (the "Elliot Head Sculpture") and VA0002284359 for the reborn doll infant sculpture known as "Easton/Elliot/Grant/Michelle Arms" (the "Elliot Arms Sculpture"). The Elliot Head Sculpture and the Elliot Arms Sculpture are collectively referred to as the "Elliot Sculptures").

**Copyrighted Elliot Head Sculpture**        **Copyrighted Elliot Arms Sculpture**

    

**Exemplary Elliot Sculptures**



41.     Defendant OTD has willfully and knowingly created at least 1 infringing reborn

40

doll based on the copyrighted Elliot Sculptures as shown in this exemplary listing from www.aliexpress.com.



(Exhibit S)

42. Bountiful Baby also owns United States Copyright Registration Nos. VA0002272484 for the reborn doll infant sculpture known as "Blinkin Head" (the "Blinkin Head Sculpture"), VA0002268524 for the reborn doll infant sculpture known as "Blinkin Arms" (the "Blinkin Arms Sculpture"), and VA0002268519 for the reborn doll infant sculpture known as "Blinkin Legs" (the "Blinkin Legs Sculpture"). The Blinkin Head, the Blinkin Arms, and the Blinkin Legs are collectively referred as the "Blinkin Sculptures".

**Copyrighted Blinkin
Head Sculpture**

**Copyrighted Blinkin
Arms Sculpture**

**Copyrighted Easton Legs
Sculpture**

  

**Exemplary Blinkin Sculptures**



43.   Defendant ADC has willfully and knowingly created at least 2 infringing reborn

dolls based on the copyrighted Blinkin Sculptures as shown in these exemplary listings from

www.adolly.com.



(Exhibit T)

44.     Defendant OTD has willfully and knowingly created at least 2 infringing reborn dolls based on the copyrighted Blinkin Sculptures as shown in these exemplary listings from www.aliexpress.com.

43



(Exhibit U)

45.     Defendant NPK has willfully and knowingly created at least 2 infringing reborn

dolls based on the copyrighted Blinkin Sculptures as shown in these exemplary listings from

www.aliexpress.com.



(Exhibit V)

46.     Bountiful Baby also owns United States Copyright Registration Nos. VA0002255449 for the reborn doll infant sculpture known as "Skya Head Sleeping" (the "Skya

Head Sleeping Sculpture"), VA0002271944 for the reborn doll infant sculpture known as "Skya Awake/Asleep Arms" (the "Skya Arms Sculpture") and VA0002271942 for the reborn doll infant sculpture known as "Skya Awake/Asleep Legs" (the "Skya Legs Sculpture"). The Skya Head Sleeping Sculptures, Sky Arms Sculpture, and the Skya Legs Sculpture are collectively referred to as the "Skya Sculptures."

| **Copyrighted Skya Head Sleeping Sculpture** | **Copyrighted Skya Arms Sculpture** | **Copyrighted Skya Legs Sculpture** |
|---|---|---|
|  |  |  |

**Exemplary Skya Sculptures**



47.     The Defendant NPK has willfully and knowingly created at least 2 infringing reborn doll on the copyrighted Skya Sculptures as shown in this exemplary listing from www.aliexpress.com.



(Exhibit W)

48.    Bountiful Baby also owns United States Copyright Registration No. VA0002273961 for the reborn doll infant sculpture known as "Bindi Head" (the "Bindi Head Sculpture"), and VA0002277644 for the reborn doll infant sculpture known as "Bindi/Binki Legs" (the "Bindi Legs Sculpture"). The Bindi Head Sculpture and the Bindi Legs Sculpture are

47

collectively referred to as the "Bindi Sculptures."

| **Copyrighted Bindi Head Sculptures** | **Copyrighted Bindi Legs Sculpture** |
|:---:|:---:|

 

**Exemplary Bindi Sculpture**



49.   Defendant NPK has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Bindi Sculptures as shown in this exemplary listing from aliexpress.com.

48



(Exhibit X)

50.     Bountiful     Baby     also     owns     United     States     Copyright     Registration     Nos.
VA0002271799 for the reborn doll infant sculptures known as "Binki Head" (the "Binki Head
Sculpture").  The Binki Head Sculpture and the Bindi/Binki Legs are collectively referred to as
the "Binki Sculptures."

**Copyrighted Binki Head Sculpture**      **Exemplary Binki Sculptures**

     

51.     Defendant NPK has willfully and knowingly created at least 1 infringing reborn doll based on the copyrighted Binki Sculptures as shown in this exemplary listing from www.aliexpress.com.



(Exhibit Y)

52. The domain name registration information for the Defendants' websites reveal anonymous registrants. (Exhibit Z).

53. Defendants advertise shipping times or rates for customers in the United States. (*E.g.*, Exhibits AA, BB, CC, DD, EE, FF.)

54. The Defendants offer to sell and ship their counterfeit products to Utah. The checkout page on Defendants' websites includes a dropdown menu listing Utah as a state to which shipment can be made. (Exhibits AA, BB, CC, DD, EE, FF.)

55. The Defendants accept payments in the United States through Amazon and or PayPal, U.S.-based payment processors subject to orders of this Court. (*See* Exhibits AA, BB, CC, EE.)

56. The use and sale of Bountiful Baby's copyrighted works by the Defendants causes substantial confusion in the marketplace and causes Bountiful Baby to lose customers, market share, and reputation. In addition, it devalues Bountiful Baby's exclusive rights in its copyrighted sculptures, which form the heart of its Bountiful Baby business.

57. When Bountiful Baby's dolls are copied and sold online, customers are deceived because of the identical products offered by the Defendants, and they are disappointed with the poor-quality counterfeit goods they receive from Defendants.

58. Bountiful Baby has invested substantial time and money to create its sculptures. What is unique and special about Bountiful Baby's reborn dolls is misappropriated by the Defendants. It causes issues with customers who buy counterfeits from the Defendants, and with customers that do not realize the difference (when making the purchase) between an authentic Bountiful Baby product and the counterfeit sold by the Defendants. Unauthorized copying of

Bountiful Baby's copyrighted sculptures is catastrophic and extremely harmful to Bountiful Baby's business.

## FIRST CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002269514**
**17 U.S.C. § 106 *et seq***

59.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

60.     On September 1, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002269514 (the "'514 Copyright") to protect the "3 Month Joseph Sleeping Head" sculpture, which is attached as Exhibit GG.

61.     Bountiful Baby is the owner of the '514 Copyright.

62.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "3 Month Joseph Sleeping Head" sculpture, which are the subject of the '514 Copyright.

63.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

64.     Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

65.     Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual

and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

66.     Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

67.     Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

**SECOND CLAIM FOR RELIEF**
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002269515**
**17 U.S.C. § 106** *et seq*

68.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

69.     On September 1, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002269515 (the "'515 Copyright") to protect the "3 Month Joseph Arms" sculpture, which is attached as Exhibit HH.

70.     Bountiful Baby is the owner of the '515 Copyright.

71.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "3 Month Joseph Arms" sculpture, which are the subject of the '515 Copyright.

72.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to

publicly display its work.

73.     Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

74.     Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

75.     Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

76.     Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## THIRD CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002268599**
**17 U.S.C. § 106 *et seq***

77.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

78.     On September 1, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002268599 (the "'599 Copyright") to protect the "3 Month Joseph Legs" sculpture, which is attached as Exhibit II.

79.     Bountiful Baby is the owner of the '599 Copyright.

80.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "3 Month Joseph Legs" sculpture, which are the subject of the '599 Copyright.

81.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

82.     Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

83.     Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

84.     Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

85.     Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## FOURTH CLAIM FOR RELIEF
(against all Defendants)
### Copyright Infringement of U.S. Copyright No. VA0002269513
### 17 U.S.C. § 106 *et seq*

86.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

87.     On September 1, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002269513 (the "'513 Copyright") to protect the "3 Month Joseph Awake Head" sculpture, which is attached as Exhibit JJ.

88.     Bountiful Baby is the owner of the '513 Copyright.

89.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "3 Month Joseph Awake Head" sculpture, which are the subject of the '513 Copyright.

90.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

91.     Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

92.     Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

93.     Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

94.     Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

### FIFTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002268423**
**17 U.S.C. § 106 *et seq***

95.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

96.     On August 30, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002268423 (the "'423 Copyright") to protect the "Nod Head" sculpture, which is attached as Exhibit KK.

97.     Bountiful Baby is the owner of the '423 Copyright.

98.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Nod Head" sculpture, which are the subject of the '423 Copyright.

99.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

100.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

101.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

102.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

103.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

<u>**SIXTH CLAIM FOR RELIEF**</u>
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002264578**
**17 U.S.C. § 106 *et seq***

104.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

105.    On August 30, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002265478 (the "'478 Copyright") to protect the "Nod Arms" sculpture, which is attached as Exhibit LL.

106.    Bountiful Baby is the owner of the '479 Copyright.

107.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Nod Arms" sculpture, which are the subject of the '479 Copyright.

108.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent. Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

109.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court. Defendants have willfully infringed Bountiful Baby's copyrighted works.

110.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

111.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

112.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future. Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

**SEVENTH CLAIM FOR RELIEF**
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002265489**
**17 U.S.C. § 106 *et seq***

113.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

114.    On August 30, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002265489 (the "'489 Copyright") to protect the "Nod Legs" sculpture, which is attached as Exhibit MM.

115.    Bountiful Baby is the owner of the '489 Copyright.

116.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Nod Legs" sculpture, which are the subject of the '489 Copyright.

117.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

118.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

119.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

120.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

121.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## EIGHTH CLAIM FOR RELIEF
(against all Defendants)
### Copyright Infringement of U.S. Copyright No. VA0002255282
### 17 U.S.C. § 106 *et seq*

122.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

123.    On June 11, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002255282 (the "'282 Copyright") to protect the "Darren Sleeping Head" sculpture, which is attached as Exhibit NN.

124.    Bountiful Baby is the owner of the '282 Copyright.

125.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Darren Sleeping Head" sculpture, which are the subject of the '282 Copyright.

126.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

127.    Defendants' infringement has been undertaken willfully with the intent to

financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court. Defendants have willfully infringed Bountiful Baby's copyrighted works.

128. Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

129. Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

130. Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future. Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## NINTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002281257**
**17 U.S.C. § 106** *et seq*

131. Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

132. On September 22, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002281257 (the "'257 Copyright") to protect the "Darren Awake Asleep Arms" sculpture, which is attached as Exhibit OO.

133. Bountiful Baby is the owner of the '257 Copyright.

134. Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Darren Awake Asleep Arms" sculpture, which are the subject of the '257 Copyright.

135.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

136.     Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

137.     Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

138.     Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

139.     Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

### TENTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002281255**
**17 U.S.C. § 106 *et seq***

140.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

63

141.    On September 22, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002281255 (the "'255 Copyright") to protect the "Darren Awake Asleep Legs" sculpture, which is attached as Exhibit PP.

142.    Bountiful Baby is the owner of the '255 Copyright.

143.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Darren Awake Asleep Legs" sculpture, which are the subject of the '255 Copyright.

144.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

145.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

146.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

147.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

148.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains

Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future. Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## ELEVENTH CLAIM FOR RELIEF
(against all Defendants)
### Copyright Infringement of U.S. Copyright No. VA0002271682
### 17 U.S.C. § 106 *et seq*

149. Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

150. On September 21, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002271682 (the "'682 Copyright") to protect the "Easton Head" sculpture, which is attached as Exhibit QQ.

151. Bountiful Baby is the owner of the '682 Copyright.

152. Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Easton Head" sculpture, which are the subject of the '682 Copyright.

153. Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent. Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

154. Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court. Defendants have willfully infringed Bountiful Baby's copyrighted works.

155. Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual

and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

156.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

157.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## TWELFTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002272482**
**17 U.S.C. § 106 *et seq***

158.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

159.    On September 21, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002272482 (the "'482 Copyright") to protect the "Easton Arms" sculpture, which is attached as Exhibit RR.

160.    Bountiful Baby is the owner of the '482 Copyright.

161.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Easton Arms" sculpture, which are the subject of the '482 Copyright.

162.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to

publicly display its work.

163.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

164.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

165.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

166.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

**THIRTEENTH CLAIM FOR RELIEF**
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002272481**
**17 U.S.C. § 106 *et seq***

167.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

168.    On September 21, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002272481 (the "'481 Copyright") to protect the "Easton Legs" sculpture, which is attached as Exhibit SS.

169.    Bountiful Baby is the owner of the '481 Copyright.

170.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Easton Legs" sculpture, which are the subject of the '481 Copyright.

171.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

172.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

173.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

174.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

175.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

**FOURTEENTH CLAIM FOR RELIEF**
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002284512**
**17 U.S.C. § 106** *et seq*

176.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

177.     On December 16, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002284512 (the "'512 Copyright") to protect the "Elliot Head" sculpture, which is attached as Exhibit TT.

178.     Bountiful Baby is the owner of the '512 Copyright.

179.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Elliot Head" sculpture, which are the subject of the '512 Copyright.

180.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

181.     Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

182.     Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

183.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

184.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.   Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.   Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

### FIFTEENTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002284359**
**17 U.S.C. § 106 *et seq***

185.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

186.    On December 15, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002284359 (the "'359 Copyright") to protect the "Easton/Elliot/Grant/Michelle Arms" sculpture, which is attached as Exhibit UU.

187.    Bountiful Baby is the owner of the '359 Copyright.

188.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Easton/Elliot/Grant/Michelle Arms" sculpture, which are the subject of the '359 Copyright.

189.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.   Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

70

190.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

191.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

192.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

193.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

### SIXTEENTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002272484**
**17 U.S.C. § 106 *et seq***

194.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

195.    On September 15, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002272484 (the "'484 Copyright") to protect the "Blinkin Head" sculpture, which is attached as Exhibit VV.

196.    Bountiful Baby is the owner of the '484 Copyright.

197.    Defendants have made and used unauthorized reproductions of Bountiful Baby's

original "Blinkin Head" sculpture, which are the subject of the '484 Copyright.

198.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

199.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

200.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

201.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

202.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

<u>**SEVENTEENTH CLAIM FOR RELIEF**</u>
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002268524**
**17 U.S.C. § 106 *et seq***

203.    Bountiful Baby incorporates and realleges each and every allegation in the

72

preceding paragraphs, as if fully set forth herein.

204.    August 30, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002268524 (the "'524 Copyright") to protect the "Blinkin Arms" sculpture, which is attached as Exhibit WW.

205.    Bountiful Baby is the owner of the '524 Copyright.

206.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Blinkin Arms" sculpture, which are the subject of the '524 Copyright.

207.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

208.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

209.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

210.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

211.    Defendants' infringement has caused and continues to cause irreparable harm to

Bountiful Baby, for which it has no adequate remedy at law. Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future. Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## EIGHTEENTH CLAIM FOR RELIEF
### (against all Defendants)
### Copyright Infringement of U.S. Copyright No. VA0002268519
### 17 U.S.C. § 106 *et seq*

212. Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

213. August 30, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002268519 (the "'519 Copyright") to protect the "Blinkin Legs" sculpture, which is attached as Exhibit XX.

214. Bountiful Baby is the owner of the '519 Copyright.

215. Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Blinkin Legs" sculpture, which are the subject of the '519 Copyright.

216. Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent. Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

217. Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court. Defendants have willfully infringed Bountiful Baby's copyrighted works.

218.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

219.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

220.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.   Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.   Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

**NINETEENTH CLAIM FOR RELIEF**
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002255449**
**17 U.S.C. § 106** *et seq*

221.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

222.    June 11, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002255449 (the "'449 Copyright") to protect the "Skya Head Sleeping" sculpture, which is attached as Exhibit YY.

223.    Bountiful Baby is the owner of the '449 Copyright.

224.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Skya Head Sleeping" sculpture, which are the subject of the '449 Copyright.

225.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.   Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive

rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

226.  Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

227.  Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

228.  Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

229.  Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

### TWENTIETH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002271944**
**17 U.S.C. § 106 *et seq***

230.  Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

231.  September 20, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002271944 (the "'944 Copyright") to protect the "Skya Awake/Asleep Arms" sculpture, which is attached as Exhibit ZZ.

232.    Bountiful Baby is the owner of the '944 Copyright.

233.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Skya Awake/Asleep Arms" sculpture, which are the subject of the '944 Copyright.

234.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

235.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

236.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

237.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

238.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## TWENTY-FIRST CLAIM FOR RELIEF
(against all Defendants)
### Copyright Infringement of U.S. Copyright No. VA0002271942
### 17 U.S.C. § 106 *et seq*

239.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

240.    September 20, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002271942 (the "'942 Copyright") to protect the "Skya Awake/Asleep Legs" sculpture, which is attached as Exhibit AAA.

241.    Bountiful Baby is the owner of the '942 Copyright.

242.    Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Skya Awake/Asleep Legs" sculpture, which are the subject of the '942 Copyright.

243.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

244.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

245.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

246.     Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

247.     Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.   Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.   Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## TWENTY-SECOND CLAIM FOR RELIEF
(against all Defendants)
### Copyright Infringement of U.S. Copyright No. VA0002273961
### 17 U.S.C. § 106 *et seq*

248.     Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

249.     September 30, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002273961 (the "'961 Copyright") to protect the "Bindi Head" sculpture, which is attached as Exhibit BBB.

250.     Bountiful Baby is the owner of the '961 Copyright.

251.     Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Bindi Head" sculpture, which are the subject of the '961 Copyright.

252.     Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.   Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

253.     Defendants' infringement has been undertaken willfully with the intent to

financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

254.   Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

255.   Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

256.   Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

**TWENTY-THIRD CLAIM FOR RELIEF**
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002277644**
**17 U.S.C. § 106** *et seq*

257.   Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

258.   September 22, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002277644 (the "'644 Copyright") to protect the "Bindi/Binki Legs" sculpture, which is attached as Exhibit CCC.

259.   Bountiful Baby is the owner of the '644 Copyright.

260.   Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Bindi/Binki Legs" sculpture, which are the subject of the '644 Copyright.

261.    Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

262.    Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

263.    Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

264.    Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

265.    Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future.  Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

### TWENTY-FOURTH CLAIM FOR RELIEF
(against all Defendants)
**Copyright Infringement of U.S. Copyright No. VA0002271799**
**17 U.S.C. § 106 *et seq***

266.    Bountiful Baby incorporates and realleges each and every allegation in the preceding paragraphs, as if fully set forth herein.

81

267.   September 17, 2021, Bountiful Baby obtained U.S. Copyright Registration No. VA0002271799 (the "'799 Copyright") to protect the "Binki Head" sculpture, which is attached as Exhibit DDD.

268.   Bountiful Baby is the owner of the '799 Copyright.

269.   Defendants have made and used unauthorized reproductions of Bountiful Baby's original "Binki Head" sculpture, which are the subject of the '799 Copyright.

270.   Defendants have produced, reproduced, and/or prepared reproductions of Bountiful Baby's protected works without Bountiful Baby's consent.  Defendants' acts violate Bountiful Baby's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

271.   Defendants' infringement has been undertaken willfully with the intent to financially gain from Bountiful Baby's copyrighted work, and with the intent to violate the permanent injunction entered by this Court.  Defendants have willfully infringed Bountiful Baby's copyrighted works.

272.   Because of Defendants' infringing acts, Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement in an amount to be proved at trial, together with all other relief allowed under the Copyright Act.

273.   Because of Defendants' willful infringement, Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2).

274.   Defendants' infringement has caused and continues to cause irreparable harm to Bountiful Baby, for which it has no adequate remedy at law.  Unless this Court restrains

Defendants from infringing Bountiful Baby's protected work, the harm will continue to occur in the future. Accordingly, Bountiful Baby is entitled to a preliminary and permanent injunction.

## PRAYER FOR RELIEF

Wherefore, Bountiful Baby respectfully prays that the Court enter judgment in its favor and award the following relief against Defendants:

A.    A judgment in favor of Bountiful Baby that Defendants have infringed the registered Bountiful Baby Copyrights;

B.    A judgment in favor of Bountiful Baby that Defendants' infringement of the registered Bountiful Baby Copyrights has been willful;

C.    A judgment in favor of Bountiful Baby that Bountiful Baby is entitled to its actual and/or statutory damages and disgorgement of Defendants' profits attributable to the infringement of the Bountiful Baby Copyrights, in an amount to be proved at trial;

D.    A judgment in favor of Bountiful Baby that Bountiful Baby is entitled to increased damages pursuant to 17 U.S.C. § 504(c)(2) due to Defendants' willful infringement;

E.    An order and judgment enjoining Defendants and their officers, directors, employees, agents, licensees, representatives, affiliates, related companies, servants, successors and assigns, and any and all persons acting in privity or in concert with any of them, from infringing the registered Bountiful Baby Copyrights;

F.    Any other relief the Court deems just and proper under all the circumstances.

## Demand for Trial by Jury

Bountiful Baby demands a jury trial on all matters triable to a jury.

83

DATED this 30th day of March 2022.

Respectfully submitted,

By: /s/ Brian N. Platt

TIMOTHY NICHOLS (#12610)
tnichols@wnlaw.com
BRIAN N. PLATT (#17099)
bplatt@wnlaw.com
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800

*Counsel for Plaintiff DP Creations, LLC*

## VERIFICATION

I, Nevin Pratt, declare that my wife Denise Pratt and I are the owners of DP Creations, LLC dba Bountiful Baby, Plaintiff in the case captioned *DP Creations LLC v. Adolly.com et al*, in the United States District Court for the District of Utah. Denise and I authorized the filing of this Complaint. I have reviewed the factual allegations made in this Complaint, and to those allegations of which I have personal knowledge, I know them to be true. For those allegations of which I do not have personal knowledge, I believe them to be true based on the information and documents I have reviewed in connection with the preparation of this Complaint, and which are attached to the Complaint, including the Defendants' websites, product listings, product photos, and the products offered for sale.

Dated: March 18, 2022

Verified by:

Nevin Pratt, Owner
DP Creations, LLC dba Bountiful Baby