# THE UNITED STATES DISTRICT COURT

# THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company<br><br>    Plaintiff,<br><br>vs.<br><br>ADOLLY.COM, an unknown Chinese business entity; SHENZHEN CITY AIDUOLA HUALIANWANG, LTD. dba ADOLLY US, an unknown Chinese business entity; HUIZHOU CITY OTARD GIFTS, LTD., dba OTARDDOLLS, an unknown Chinese business entity; RUGAO LUOEN TRADING CO., LTD. dba REBORN DOLL GALLERY, an unknown Chinese business entity; NANJING TIANZENG GIFTS, LTD., dba NPK, an unknown Chinese business entity;<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [4] PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY AND SERVICE BY ALTERNATE MEANS**<br><br>**FILED UNDER SEAL**<br><br>Case No. 2:22-cv-00230<br><br>District Judge David Barlow |

Before the court is Plaintiff's Ex Parte Motion for Expedited Discovery and for Service by Alternate Means.[1] For the reasons stated herein, the court grants the motion.

---

[1] ECF No. 4.

## BACKGROUND

Bountiful Baby is a Utah limited liability company with a principal place of business at 2140 South 3600 West, West Valley City, Utah 84119.

Defendant Adolly.com ("ADC") is a Chinese business entity. Defendant ADC lists dolls for sale on its website www.adolly.com. Defendant ADC accepts PayPal payments through adolly@adolly.com and www.adolly.com and corresponds with customers through an email address at doll@adolly.com and adolly@adolly.com.

Defendant Adolly US ("ADUS") is a Chinese business entity. Defendant ADUS lists dolls for sale on www.amazon.com and www.ebay.com. Defendant ADUS accepts payments and corresponds with customers through www.amazon.com.  Defendant ADUS does business on www.ebay.com as rebornfamily and adolly, accepts PayPal payments through www.ebay.com, and corresponds with customers through www.ebay.com and an email address at adolly_hws5398ng@members.ebay.com.hk.

Defendant OtardDolls ("OTD") is a Chinese business entity. Defendant OTD lists dolls for sale on www.aliexpress.com. Defendant OTD accepts payments through www.aliexpress.com and corresponds with customers through www.aliexpress.com and an email address at sales@otardgifts.com.

Defendant Reborn Doll Gallery ("RDG") is a Chinese business entity. Defendant RDG lists dolls for sale on www.amazon.com. Defendant RDG corresponds with customers through www.amazon.com and an email address at 634843639@qq.com. Defendant RDG accepts payments through www.amazon.com.

Defendant NPK ("NPK") is a Chinese business entity. Defendant NPK lists dolls for sale

on www.aliexpress.com. Defendant NPK accepts payments through www.aliexpress.com and corresponds with customers through www.aliexpress.com and email addresses at sales@npk.com.cn and npkdolls@gmail.com.

Defendants' products are not affiliated with Bountiful Baby but are alleged to be counterfeit copies of genuine Bountiful Baby products.

## ANALYSIS

### I.   EXPEDITED DISCOVERY

Bountiful Baby moves *ex parte* for expedited discovery of the Defendants' financial information. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d). However, the court may expedite discovery upon a showing of "good cause for departing from the usual discovery procedures" by the party seeking expedited discovery. *Living Scriptures v. Doe(s)*, No. 1:10-cv-0182, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (unpublished). "The good cause standard may be satisfied where a party seeks a preliminary injunction or where the moving party has asserted claims of infringement and unfair competition." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (citations omitted). "Expedited discovery may also be appropriate in cases where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Id.* (citation omitted).

Here, Bountiful Baby seeks expedited discovery to uncover financial information that will help to preserve the status quo and give effect to the asset freeze that it seeks. Bountiful Baby has produced evidence that the Defendants use PayPal and Amazon to process payments

for consumer purchases of the products at issue. Bountiful Baby avers that it does not know the identity or location of the banks or other financial institutions to which PayPal and Amazon transfers funds resulting from Defendants' sales, and without expedited discovery, it will not know the person or persons or entities upon which to serve the temporary restraining order and asset freeze. Bountiful Baby argues that the Defendants may then dissipate their funds before relief is granted to Bountiful Baby. Because the court grants Bountiful Baby's requested asset freeze and finds good cause for Bountiful Baby's request for expedited discovery to effectuate that asset freeze, the court grants Bountiful Baby's Ex Parte Motion for Expedited Discovery.

## II.      SERVICE BY ALTERNATE MEANS

Bountiful Baby also moves ex parte for an order authorizing it to serve the foreign Defendants by email. Federal Rule of Civil Procedure 4(h)(2) provides that a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name," may be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual." FED. R. CIV. P. 4(h)(2). Under Rule 4(f)(3), an individual may be served in a foreign country "by other means not prohibited by international agreement, as the court orders." *Id.* 4(f)(3). The party seeking service by alternate means "need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The alternate means of service authorized by the court must comport with due process. *Id.* Due process requires service of process that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*,

4

339 U.S. 306, 314 (1950) (citations omitted).

Bountiful Baby argues that service of process on the foreign Defendants by email is appropriate, not prohibited by international agreement, and reasonably calculated to give notice to the Defendants. Bountiful Baby alleges that the Defendants primarily communicate with their customers, domain registrars, and web hosts through electronic communications[2] and that service by email would permit the Defendants to be promptly notified of the pending action. Bountiful Baby also argues that service by email is a valid alternative means of effecting service and that service sent to the email that Defendants provide on their websites is reasonably calculated to provide notice of this lawsuit. Without a court order authorizing service of process by email, Bountiful Baby argues that it will likely be unable to pursue final judgment against the Defendants.

The Tenth Circuit has not decided whether service by email is proper under Rule 4(f)(3). However, other circuits and district courts have found that Rule 4(f)(3) permits service by email in certain circumstances. In *Rio Properties*, the Ninth Circuit affirmed a district court's "proper[] exercise[] [of] its discretionary powers to craft alternate means of service" in permitting service of process by email on "an elusive international defendant, striving to evade service of process." 284 F.3d at 1016. The Ninth Circuit concluded "[w]ithout hesitation" that service of process by email met the constitutional requirement of due process and was also the method of service most

---

[2] Bountiful Baby alleges that the foreign Defendants engage in ecommerce and maintain email addresses from which they conducts economic business:  the Defendants' websites provide the email addresses adolly@adolly.com, doll@adolly.com, adolly_hws5398ng@members.ebay.com.hk, sales@otardgifts.com, sales@npk.com.cn, and npkdolls@gmail.com to contact the website for service requests, and accept payments from customers at PayPal accounts associated with the email address adolly@adolly.com and through www.adolly.com and www.ebay.com. The Defendants accept payments from customers at Amazon accounts associated with www.amazon.com.

likely to reach the foreign defendant company. *Id.* at 1017. This was because the foreign

defendant company "ha[d] embraced the modern e-business model and profited immensely from

it," and even "structured its business such that it could be contacted only via its email address"

and had "no easily discoverable street address in the United States or in Costa Rica." *Id.* at 1017–

18. The Ninth Circuit remarked that "when faced with an international e-business scofflaw,

playing hide-and-seek with the federal court, email may be the only means of effecting service of

process." *Id.* at 1018. Still, the court acknowledged the "limitations" inherent in service of

process by email:

> In most instances, there is no way to confirm receipt of an email message. Limited
> use of electronic signatures could present problems in complying with the
> verification requirements of Rule 4(a) and Rule 11, and system compatibility
> problems may lead to controversies over whether an exhibit or attachment was
> actually received.  Imprecise imaging technology may even make appending
> exhibits and attachments impossible in some circumstances.  We note, however,
> that, except for the provisions recently introduced into Rule 5(b), email service is
> not available absent a Rule 4(f)(3) court decree.  Accordingly, we leave it to the
> discretion of the district court to balance the limitations of email service against its
> benefits in any particular case.

*Id.* (footnote and citation omitted). Additionally, in *Cisco Systems, Inc. v. Shenzhen Usource*

*Technology Co.*, service by email under Rule 4(f)(3) on foreign defendants based in China was

proper when the defendants "operate[d] [an] Internet-based businesses trafficking in counterfeit

[plaintiff] products[,] . . . provide[d] email addresses for communication, and . . . ultimately

negotiated and consummated transactions for sale of the infringing products . . . via email." No.

5:20-cv-04773, 2020 WL 5199434, at *15 (N.D. Cal. Aug. 17, 2020) (unpublished).  Further, the

"urgency in shutting down the sales of [the counterfeited products] that threaten[ed] [the

plaintiff's] reputation" weighed in favor of permitting service of process by email. *Id.*

  The court is persuaded by Bountiful Baby's argument and accordingly grants Bountiful

Baby's Motion for Service by Alternate Means. First, the court finds that the Hague Convention[3] does not prohibit service of process by email. *See Neck Hammock, Inc. v. Danezen.com*, No. 2:20-CV-287, 2020 WL 6364598, at *4–5 (D. Utah Oct. 29, 2020) (unpublished) (concluding that "email service is not prohibited by international agreement," even though China had objected to service by postal channels under Article 10 of the Hague Convention, and "email service can comport with constitutional notions of due process"); *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 n.2 (S.D.N.Y. 2018) (noting that service by email on a Chinese defendant does not violate the Hague Convention even though China had objected to service by postal channels under Article 10 of the Hague Convention); *Cisco Sys.*, 2020 WL 5199434, at *14 ("[S]ervice by email on defendants in China is not barred by any international agreement."); *Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) (unpublished) (finding that email service was not prohibited under the Hague Convention even though China had objected to service by postal channels under Article 10); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (unpublished) (concluding that "service via email is not prohibited by an international agreement").

Second, the court finds that email will likely be the best way to effect service of process on the Defendants. Unlike the defendant in *Rio Properties*, the Defendants here have provided a variety of addresses on their websites; Bountiful Baby suggests that these are fraudulent

---

[3] The Hague Convention is the relevant "international agreement" referenced in Rule 4(f)(3), and both the United States and China are signatories to the Hague Convention. *HCCH Members*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, https://www.hcch.net/en/ states/hcch-members (last visited Mar. 2, 2022).  Accordingly, the court will evaluate the Hague Convention in determining whether the requirements set forth in Rule 4(f)(3) would be satisfied by service of process by email.

addresses. Accordingly, the court does not find that service upon these addresses are likely to put the Defendants on notice of the pending lawsuit. Additionally, Bountiful Baby provides evidence that the domain name registration information for the Defendants' websites reveal anonymous registrants. Thus, service of process by email seems to be the most likely means by which to effect service of process and put the Defendants on notice of Bountiful Baby's lawsuit against them. *See In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 719–21 (Bankr. N.D. Ga. 2000) (authorizing service of process by email under Rule 4(f)(3) when email was one of the only feasible methods of serving the opposing party, and the parties had previously communicated via email). Defendants have provided contact email addresses on their website. *ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012) (unpublished) (holding that service by email to "the contact email address that is listed on [the defendant's] website" was "not only reasonably calculated to provide actual notice . . . but the method most likely to apprise [defendants] of this action"). Moreover, because Defendants are e-commerce and foreign-based companies, service of process by email is likely "the only means of effecting service of process." *Rio Props.*, 284 F.3d at 1018.

Finally, although service of process by email is appropriate and comports with due process in this case, an additional safeguard should be put in place to ensure due process. Specifically, Bountiful Baby is ordered to provide the court with any indication that it receives from its email provider that the emails sent to Defendants are returned or otherwise not received. *See id.* ("In most instances, there is no way to confirm receipt of an email message. . . . [W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."); *Cisco Sys.*, 2020 WL 5199434, at *14 (observing that courts in

the Northern District of California "have authorized email service and found that it is reasonably calculated to provide notice to foreign defendants, including defendants based in China, where receipt is confirmed, the email addresses were previously used to communicate with the plaintiffs, or the defendants operate online and use email for their businesses."); *see also Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-cv-02754, 2012 WL 122862, at *4 (D. Colo. Jan. 17, 2012) (unpublished) (allowing plaintiff to supplement its motion to file service of process by email with a proposed method of service that "would further assure that the email message featuring Plaintiff's complaint and summons is actually received").

## CONCLUSION AND ORDER

Based upon the foregoing findings, the court HEREBY ORDERS as follows:

Plaintiff's Ex Parte Motion for Expedited Discovery and Service by Alternate Means is GRANTED.  Plaintiff is permitted to seek discovery from PayPal regarding financial accounts relevant to the instant dispute on an expedited basis. Once the asset freeze and financial discovery ordered herein are completed, Plaintiff may provide service of process to the foreign Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) at the following email addresses previously identified in this Order: adolly@adolly.com, doll@adolly.com, adolly_hws5398ng@members.ebay.com.hk, sales@otardgifts.com, sales@npk.com.cn, and npkdolls@gmail.com. Plaintiff must provide the court with any indication that it receives from its email provider that the emails sent to the Defendants are returned or otherwise not received.

DATED April 13, 2022.

BY THE COURT:

_____

David Barlow
United States District Judge