THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC d/b/a BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADOLLY.COM, an unknown Chinese business entity; SHENZHEN CITY AIDUOLA HUALIANWANG, LTD. d/b/a ADOLLY US, an unknown Chinese business entity; HUIZHOU CITY OTARD GIFTS, LTD. d/b/a OTARDDOLLS, an unknown Chinese business entity; RUGAO LUOEN TRADING CO., LTD. d/b/a REBORN DOLL GALLERY, an unknown Chinese business entity; and NANJING TIANZENG GIFTS, LTD. d/b/a NPK, an unknown Chinese business entity;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [46] PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:22-cv-00230-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff DP Creations, LLC d/b/a Bountiful Baby's ("Bountiful Baby") Motion for Leave to File Second Motion for Default Judgment.[1] Bountiful Baby seeks leave to refile for default judgment against Defendants Shenzhen City Aiduola Hualianwang, Ltd. d/b/a Adolly US ("AUS"), Huizhou City Otard Gifts, Ltd. d/b/a OtardDolls ("OTD"), Rugao Luoen Trading Co., Ltd. d/b/a Reborn Doll Gallery ("RDG"), and Nanjing Tianzeng Gifts, Ltd. d/b/a NPK ("NPK") (collectively "Defendants"). For the reasons below, the court grants Bountiful Baby's motion for leave to file a second motion for default judgment.

---

[1] ECF No. 46, filed Dec. 29, 2022.

1

## BACKGROUND

On September 8, 2022, Bountiful Baby moved for default judgment and a permanent injunction against Adolly.com ("ADC"), AUS, OTD, RDG, and NPK.[2] On November 2, 2022, the court granted in part and denied in part the motion.[3] The court concluded it had personal jurisdiction over ADC but not the other defendants.[4] Bountiful Baby was given leave to refile upon a showing of good cause.[5] It filed the instant motion on December 29, 2022.[6] Defendants have not responded within the time allotted under the local rules.[7]

## DISCUSSION

Bountiful Baby must show good cause to refile for default judgment. It argues the court can exercise personal jurisdiction over Defendants in two ways. First, it contends AUS and RDG consented to personal jurisdiction. Second, it contends Federal Rule of Civil Procedure 4(k)(2) allows for jurisdiction over OTD and NPK.

### I. Bountiful Baby Offers a Plausible Argument that AUS and RDG Consented to Personal Jurisdiction.

Bountiful Baby contends AUS and RDG consented to personal jurisdiction. Its argument goes like this. Bountiful Baby sent copyright notices of infringement to Amazon regarding AUS and RDG.[8] Subsequently, AUS and RDG sent counter-notifications pursuant to 17 U.S.C. § 512(g)(3).[9] As part of the counter-notifications, the sellers declared: "I am located outside of

---

[2] ECF No. 33.
[3] Order Granting in Part & Denying in Part Pl. Mot. for Default J. & Permanent Inj. ("Default J. Order") 23, ECF No. 43, filed Nov. 2, 2022.
[4] *Id.* at 4–8.
[5] *Id.* at 23.
[6] *See* ECF No. 46.
[7] *See* Docket; DUCivR 7-1(a)(4)(D)(ii).
[8] Decl. of Nevin Pratt ¶ 20, ECF No. 48, filed Mar. 16, 2023.
[9] Section 512(g) describes the requirements for a valid counter-notification. Sellers must submit a signed "statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address

the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found."[10] Bountiful Baby contends the thousands of Amazon employees in Utah signifies that the company may be found in Utah.[11] Thus, Bountiful Baby argues AUS and RDG consented to jurisdiction. While the court makes no finding on the merits at this time, Bountiful Baby offers a credible argument. For this reason, there is good cause to grant Bountiful Baby leave to file its renewed motion for default judgment as to AUS and RDG.

## II. Good Cause Exists to Let Bountiful Baby Argue Personal Jurisdiction Under Rule 4(k)(2) for OTD and NPK.

Bountiful Baby argues Federal Rule of Civil Procedure 4(k)(2) applies to OTD and NPK. "Under this rule, which has been described as a kind of federal long-arm statute, a court may exercise personal jurisdiction over a foreign defendant" if three factors are satisfied.[12] The court must find that the "plaintiff's claims arise under federal law"; "the defendant is not subject to the jurisdiction of any state court of general jurisdiction"; and "the plaintiff can show that the exercise of jurisdiction comports with due process."[13] In its prior ruling, the court found that Bountiful Baby had not alleged sufficient facts or explained adequately the second and third elements.[14] The question is whether Bountiful Baby's additional argument is sufficient good cause to permit a second motion for default judgment.

---

is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found[.]" 17 U.S.C. § 512(g)(3)(D).
[10] Ex. 1, ECF No. 49-1, filed Mar. 16, 2023.
[11] *See* Second Mot. Default J. 4–5, ECF No. 46-1, filed Dec. 29, 2022 (citing Ex. 3, ECF No. 49-3, filed Mar. 16, 2023).
[12] *Hetronic Int'l, Inc. v. Hetronic Ger. GmbH*, 10 F.4th 1016, 1030 (10th Cir. 2021), *cert. granted sub nom. Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 143 S. Ct. 398 (2022).
[13] *CGC Holding Co. v. Hutchens*, 974 F.3d 1201, 1208 (10th Cir. 2020).
[14] Default J. Order 7–8.

Compared to the scant two paragraphs in its first motion, Bountiful Baby now offers extensive briefing.[15] It alleges specific facts and argues that OTD and NPK are subject to jurisdiction in other states and that an exercise of jurisdiction would comport with due process.[16] In short, Bountiful Baby appears to have performed a serious analysis. The court finds good cause in allowing Bountiful Baby to file a second motion for default as to OTD and NPK.

## ORDER

Accordingly, the court GRANTS Plaintiff's Motion for Leave to File Second Motion for Default Judgment.[17] The court directs Plaintiff to file its Second Motion for Default Judgment and Permanent Injunction[18] in a separate docket entry.

Signed April 13, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[15] *See* Second Mot. Default J. 5–16.
[16] *See id.* at 11–16.
[17] ECF No. 46.
[18] ECF No. 46-1.

4