THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC d/b/a BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADOLLY.COM, an unknown Chinese business entity; SHENZHEN CITY AIDUOLA HUALIANWANG, LTD. d/b/a ADOLLY US, an unknown Chinese business entity; HUIZHOU CITY OTARD GIFTS, LTD. d/b/a OTARDDOLLS, an unknown Chinese business entity; RUGAO LUOEN TRADING CO., LTD. d/b/a REBORN DOLL GALLERY, an unknown Chinese business entity; and NANJING TIANZENG GIFTS, LTD. d/b/a NPK, an unknown Chinese business entity,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [67] MOTION FOR RECONSIDERATION OF PORTIONS OF THE COURT'S MAY 17 ORDER AND FOR AMENDMENT OF THE COURT'S MAY 17 JUDGMENT**<br><br>Case No. 2:22-cv-00230-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiff DP Creations, LLC doing business as Bountiful Baby's ("Bountiful Baby") Motion for Reconsideration of Portions of the Court's May 17 Order and for Amendment of the Court's May 17 Judgment.[1] Bountiful Baby asks the court to reconsider portions of its Memorandum Decision and Order Granting in Part and Denying in Part Plaintiff's Second Motion for Default Judgment and Permanent Injunction.[2] For the reasons below, the court grants in part and denies in part Bountiful Baby's motion for reconsideration.

---

[1] Mot. for Recons., ECF No. 67, filed June 6, 2023.
[2] Second Default J. Order, ECF No. 60, filed May 17, 2023.

1

## BACKGROUND

Bountiful Baby is a Utah company that sells lifelike infant dolls known as "reborn dolls."[3] Defendants are five foreign businesses that sell dolls and parts: Adolly.com ("ADC"); Shenzhen City Aiduola Hualianwang, Ltd. doing business as Adolly US ("AUS"); Huizhou City Otard Gifts doing business as OtardDolls ("OTD"); Rugao Luoen Trading Co., Ltd. doing business as Reborn Doll Gallery ("RDG"); and Nanjing Tianzeng Gifts, Ltd. doing business as NPK ("NPK") (collectively "Defendants").[4]

On March 30, 2022, Bountiful Baby filed its Complaint, asserting that Defendants committed twenty-four counts of copyright infringement.[5] After the Clerk of Court entered a default certificate,[6] Bountiful Baby moved for default judgment and a permanent injunction.[7] On November 2, 2022, the court granted the motion as to ADC.[8] The following month, Bountiful Baby moved for leave to file another motion for default judgment.[9] The court granted it leave to do so.[10] And on April 13, 2023, Bountiful Baby filed its Second Motion for Default Judgment and Permanent Injunction.[11] The court then granted default judgment as to OTD and denied judgment against AUS, RDG, and NPK because Bountiful Baby had failed to demonstrate that the court had personal jurisdiction over those defendants.[12] On May 17, 2023, the court entered

---

[3] Compl. ¶¶ 3–4, 16, ECF No. 1, filed Mar. 30, 2022.
[4] *Id.* at ¶¶ 9–12.
[5] *Id.* at ¶¶ 59–274.
[6] ECF No. 32, filed June 3, 2022.
[7] ECF No. 33, filed Sept. 8, 2022.
[8] ECF No. 43.
[9] ECF No. 46, filed Dec. 29, 2022.
[10] ECF No. 56.
[11] ECF No. 57.
[12] Second Default J. Order 35–36.

judgment against ADC and OTD.[13] Bountiful Baby filed its Motion for Reconsideration on June 6, 2023.[14] It asks the court to reconsider the denial of default judgment against AUS and RDG.[15]

## STANDARD

Bountiful Baby moves for reconsideration under Rule 54(b) or Rule 59(e) of the Federal Rules of Civil Procedure.[16] Rule 54(b) permits a court to revise "any order . . . that adjudicates fewer than all the claims . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[17] On the other hand, Rule 59(e) pertains to motions "to alter or amend a judgment" and such motions must be filed "no later than 28 days after the entry of the judgment."[18] The court need not determine which Rule applies here because the result is the same under either standard.

## DISCUSSION

The court previously found that Bountiful Baby had not demonstrated that AUS and RDG consented to jurisdiction in Utah. The two defendants submitted counter-notifications to Amazon in response to Bountiful Baby's infringement notices. Under 17 U.S.C. § 512(g), a

---

[13] ECF No. 63.
[14] *See* Mot. for Recons.
[15] *Id.* at 1.
[16] *See id.* at 1 n.4 ("To the extent the May 17 order and judgment are deemed to constitute a final decision resolving all claims against all parties in the case or are otherwise appealable, this motion constitutes a motion made pursuant to Fed. R. Civ. P. 59(e) for all purposes and not a motion made pursuant to Fed. R. Civ. P. 54(b).").
[17] Fed. R. Civ. P. 54(b). Under Rule 54(b), the court has "discretionary reconsideration of an[y] interlocutory order." *Luo v. Wang*, 71 F.4th 1289, 1298–99 (10th Cir. 2023) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2002); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011)); *see Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018), *as revised* (Apr. 13, 2018) ("'[T]he district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b),' which govern a district court's reconsideration of its final judgments." (quoting *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008))).
[18] Fed. R. Civ. P. 59(e). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023) (quoting *Servants of the Paraclete* 204 F.3d at 1012).

subscriber who owns the allegedly infringing material may contest a copyright infringement accusation. But by doing so, a foreign subscriber consents to jurisdiction in "any judicial district in which the service provider may be found[.]"[19] The court reasoned that Bountiful Baby had not shown Amazon was "found" in Utah.[20]

Bountiful Baby asserts the court erred. It offers three reasons for why AUS and RDG consented to jurisdiction in Utah: § 512(g)(3)(D)'s ordinary meaning supports consent, the court must construe any statutory ambiguity against AUS and RDG, and the court improperly applied a constitutional due process analysis. The court begins with the ordinary-meaning argument.

### I. Bountiful Baby Does Not Demonstrate that the Ordinary Meaning of "Found" Supports Jurisdiction in Utah.

Bountiful Baby first contends the ordinary meaning of the phrase "may be found" means a service provider is found anywhere the provider maintains a physical presence.[21] Amazon has "multiple facilities" in Utah, so "the [c]ourt can take judicial notice that Amazon has at least one place of business in Utah."[22] Because Amazon allegedly has a physical presence in Utah,[23] Bountiful Baby argues Amazon may be "found" in the state for purposes of § 512(g)(3)(D).[24]

To support its desired interpretation for "found," Bountiful Baby cites several district courts that address counter-notifications under § 512(g)(3)(D). Yet without exception, those cases involved defendants that had consented to jurisdiction in a given state because that state

---

[19] 17 U.S.C. § 512(g)(3)(D).
[20] Second Default J. Order 10.
[21] Mot. for Recons. 2–4.
[22] *Id.* at 4.
[23] *See* Decl. of Brian Platt in Support of Mot. for Recons. & Exs. 9–16, ECF Nos. 68-1 to 68-8, filed June 6, 2023 (webpages showing Amazon's Utah facilities).
[24] Mot. for Recons. 4.

hosted the defendant's principal place of business or was the state of incorporation.[25] Other cases involved similar facts.[26] Such is not the case here. Amazon is incorporated in Delaware and its principal place of business is in Washington.[27]

Bountiful Baby also identifies two district court opinions that it says implicitly found jurisdiction over foreign defendants that submitted counter-notifications to Amazon.[28] But the courts in those two cases did not address or explain why Amazon could be "found" in those jurisdictions, namely, the Central District of California[29] and the Southern District of New York,[30] for jurisdictional purposes. Neither of these opinions analyze personal jurisdiction.[31] This

---

[25] *See Moonbug Ent. Ltd. v. HappyKidsTV*, No. 22-cv-03203, 2022 WL 18859471, at *5 (N.D. Cal. Dec. 15, 2022) ("Plaintiffs allege that YouTube is located in this district and its principal place of business is in San Bruno, California. . . . As such, the Court finds that Defendants consented to personal jurisdiction."); *Epic Games, Inc. v. Mendes*, No. 17-cv-06223, 2018 WL 2926086, at *5 (N.D. Cal. June 12, 2018) ("YouTube is located in the Northern District of California. [The defendant] thus has consented to personal jurisdiction here."); *Real v. Matteo*, No. CV 17-01288, 2018 WL 493596, at *5 (W.D. La. Jan. 3, 2018), *R. & R. adopted*, 2018 WL 494271 (W.D. La. Jan. 19, 2018) ("There is no dispute that the [provider] is a California corporation with its only office in San Francisco. Indeed, [the] Complaint states that '"Patreon," is a San Francisco based website.'" (citation omitted)); *Melendez v. Vaiana*, No. EDCV 16-2516, 2017 WL 8183139, at *3 (C.D. Cal. Oct. 19, 2017) (same); *Tecnologias Avanzadas RD, SRL v. Riegler*, No. 16-06701, 2017 WL 2772301, at *2 (N.D. Cal. June 1, 2017), *R. & R. adopted*, 2017 WL 2730096 (N.D. Cal. June 26, 2017) (same); *Crunchyroll, Inc. v. Pledge*, No. C 11-2334, 2014 WL 1347492, at *9 (N.D. Cal. Mar. 31, 2014) (same); *Shropshire v. Canning*, No. 10-cv-01941, 2011 WL 90136, at *5 (N.D. Cal. Jan. 11, 2011) (same).
[26] *See Wright v. Edwards*, No. 21-cv-6063, 2022 WL 17820247, at *6 (E.D.N.Y. July 18, 2022) ("Defendant is a foreign resident and Etsy maintains its headquarters in Brooklyn, New York. This Court therefore concludes that personal jurisdiction exists here based on defendant's consent." (citation omitted)); *Magic Leap, Inc. v. Tusa Tuc*, No. 17-cv-00264, 2017 WL 10456729, at *2 (N.D. Cal. Aug. 17, 2017), *R. & R. adopted*, 2017 WL 10456730 (N.D. Cal. Sept. 19, 2017) ("Here, Magic Leap alleges that when [the defendant] submitted his counter notification to YouTube, he consented to personal jurisdiction in the district in which YouTube is located, which is the Northern District of California."); *Evony, LLC v. Aeria Games & Ent., Inc.*, No. C 11-0141, 2012 WL 12843210, at *2 (N.D. Cal. Sept. 28, 2012) ("He also stated that he consents to the jurisdiction of the Federal District Court for the judicial district in which the service provider . . . may be found (i.e., the Northern District of California)[.]").
[27] *See McCarthy v. Amazon.com, Inc.*, No. 3:22-cv-0718, 2023 WL 5358356 (N.D. Cal. Feb. 17, 2023).
[28] *Cawthon v. Pan Nuan Nuan*, No. 22-cv-3019, 2023 WL 2758435 (S.D.N.Y. Apr. 3, 2023); *L.A. T Shirt & Print, Inc. v. Unyopsa*, No. CV 22-3497, 2022 WL 18278606, at *1 (C.D. Cal. Nov. 14, 2022).
[29] *Unyopsa*, 2022 WL 18278606, at *1.
[30] *Cawthon*, 2023 WL 2758435, at *1.
[31] *Id.*; *Unyopsa*, 2022 WL 18278606, at *1. Bountiful Baby argues that the plaintiff in the New York case alleges that "[a]n Amazon fulfillment center is located within th[e] jurisdiction[.]" ECF No. 68-9, at 3, ¶ 9. But the opinion itself says nothing about that assertion and does not mention, much less analyze, jurisdiction.

court will not find as persuasive and use its discretion to follow a non-binding case where the issue at bar was not analyzed.

Bountiful Baby also directs the court's attention to *In re Eli Lilly & Co.*[32] There, the Fourth Circuit conducted an ordinary meaning analysis to define the word "found" in 28 U.S.C. § 1782(a). The court used the Black's Law Dictionary definition for "found" and considered the use of the word in other statutes to determine that a corporation that was not physically present in a district could not be "found" there for § 1782(a) purposes.[33]

Following similar reasoning as *In re Eli Lilly & Co.*, the court begins with the statutory text for § 512(g)(3)(D). The court "interprets a statute in accord with the ordinary public meaning of its terms at the time of its enactment."[34] "We give undefined terms their ordinary meanings, considering both the specific context in which the word is used and the broader context of the statute as a whole."[35] "If the statutory language is clear, our analysis ordinarily ends."[36]

Section 512(g)(3)(D) directs that if a foreign subscriber submits a counter-notification, that subscriber consents to jurisdiction "for any judicial district in which the service provider may be found."[37] The essential term is "found." "Because Congress did not define this term, its

---

[32] Mot. for Recons. 3 n.12 (quoting *In re Eli Lilly & Co.*, 37 F.4th 160, 164, 167 (4th Cir. 2022)).
[33] *Eli Lilly*, 37 F.4th at 164–65 ("In view of these contemporaneous definitions in legal dictionaries and Supreme Court opinions, we can presume that when Congress similarly used 'found' in § 1782, it intended that the same meaning apply—that a corporation is found where it is physically present by its officers and agents carrying on the corporation's business.").
[34] *Bostock v. Clayton County*, __ U.S. ___, 140 S. Ct. 1731, 1738 (2020); *see Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) ("When interpreting a statute, we must give words their 'ordinary or natural' meaning." (citation omitted)).
[35] *Hooper v. City of Tulsa*, 71 F.4th 1270, 1282 (10th Cir. 2023) (citation omitted); *see Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" (quoting *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989))).
[36] *United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008).
[37] 17 U.S.C. § 512(g)(3)(D).

6

common and ordinary usage may be obtained by reference to a dictionary."[38] Discussing where a corporation may be found, the relevant edition of Black's Law Dictionary states "it is necessary that [the corporation] be doing business in such state through an officer or agent or by statutory authority in such manner as to render it liable then to suit and to constructive or substituted service of process."[39]

But Bountiful Baby does not engage with this definition at all. It simply asks the court to take judicial notice that Amazon has "multiple facilities" in Utah, decide that those facilities constitute a "place of business" in Utah, and therefore conclude that Amazon may be "found" in Utah.[40] Bountiful Baby does not explain how, as an ordinary meaning analysis would require, Amazon is "doing business in [Utah] . . . . *in such manner as to render it liable then to suit and to constructive or substituted service of process*."[41] Plaintiff bears the burden on establishing jurisdiction,[42] but has failed to carry it.

## II. AUS and RDG Did Not Draft the Consent-to-Jurisdiction Language.

Next, Bountiful Baby contends that the court should construe any ambiguity in the counter-notifications against AUS and RDG, the purported drafters.[43] It asserts the counter-

---

[38] *United States v. Roberts*, 88 F.3d 872, 877 (10th Cir. 1996), *superseded by statute on other grounds*, *United States v. Franklin*, 785 F.3d 1365, 1367 (10th Cir. 2015); *see Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 569 (2012) (surveying dictionaries to help determine the "ordinary or common meaning" of a word).
[39] *Found*, Black's Law Dictionary (6th ed. 1990).
[40] Mot. for Recons. 3–4.
[41] *Found*, Black's Law Dictionary (6th ed. 1990) (emphasis added).
[42] *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 532 (10th Cir. 2022) ("It is well established that '[i]t is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case.'" (alteration in original) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936))); *see Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022) (discussing plaintiff's burden to establish personal jurisdiction).
[43] Mot. for Recons. 5 (citing *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 500–01 (10th Cir. 2002)).

notifications equate to forum selection clauses.[44] Since AUS and RDG submitted counter-notifications with the "consent-to-jurisdiction language[,]" Bountiful Baby argues the court should interpret any ambiguity against them.[45]

Bountiful Baby's contention relies on a key premise—that AUS and RDG drafted the counter-notification language.[46] Not so. The specific language is mandated by § 512(g)(3)(D).[47] The two defendants simply inserted the statutory language into their counter-notifications. Congress—not AUS or RDG—drafted it.[48] And the issue here concerns counter-notifications sent to Amazon, not arm's length contracts or agreements between Bountiful Baby and the defendants.[49] The court thus rejects Bountiful Baby's ambiguity argument.

Finally, Bountiful Baby requests that the court reconsider the part of its prior order borrowing from the copyright venue provision to analyze the meaning of "may be found."[50] Having decided the issue instead on the ordinary meaning standard discussed above, the court vacates that portion of its earlier order.[51]

In sum, Bountiful Baby fails to demonstrate that the court has personal jurisdiction over AUS or RDG. Lacking jurisdiction over AUS or RDG, the court cannot grant default judgment to these two defendants.

---

[44] *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007)).
[45] *Id.* at 6.
[46] *Compare* 17 U.S.C. § 512(g)(3)(D) ("[I]f the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found[.]"), *with* ECF No. 49-2, at 2 ("I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found.").
[47] *Cf. Milk 'N' More*, 963 F.2d at 1346 n.1 ("The contract was drafted by an attorney of Milk 'N' More.").
[48] *See* Digital Millennium Copyright Act of 1998 § 202, 17 U.S.C.A. § 512 (West).
[49] *See K & V Scientific*, 314 F.3d at 496–97 (concerning a forum selection clause in parties' confidentiality agreement).
[50] Second Default J. Order 6–10 (analogizing to 28 U.S.C. § 1400(a)).
[51] ECF No. 60.

## ORDER

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Reconsideration.[52] The court REAFFIRMS its November 2, 2022 Memorandum Decision and Order[53] and its May 17, 2023 Memorandum Decision and Order[54] granting Plaintiff default judgment against Defendants ADC and OTD and issuing permanent injunctions.[55] The court VACATES the portion of its order[56] analyzing § 512(g)(3)(D) under a constitutional due process standard. The court DISMISSES without prejudice Plaintiff's claims against Defendants AUS, RDG, and NPK for lack of jurisdiction. The court directs the Clerk of Court to close the case.

Signed September 1, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[52] ECF No. 67.
[53] ECF No. 43.
[54] ECF No. 60.
[55] ECF Nos. 42, 61.
[56] ECF No. 60.