THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC d/b/a BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADOLLY.COM, an unknown Chinese business entity; SHENZHEN CITY AIDUOLA HUALIANWANG, LTD. d/b/a ADOLLY US, an unknown Chinese business entity; HUIZHOU CITY OTARD GIFTS, LTD. d/b/a OTARDDOLLS, an unknown Chinese business entity; RUGAO LUOEN TRADING CO., LTD. d/b/a REBORN DOLL GALLERY, an unknown Chinese business entity; and NANJING TIANZENG GIFTS, LTD. d/b/a NPK, an unknown Chinese business entity,<br><br>Defendants. | **SECOND MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S [57] SECOND MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Case No. 2:22-cv-00230-DBB<br><br>District Judge David Barlow |

Plaintiff DP Creations, LLC doing business as Bountiful Baby ("Bountiful Baby") sells kits and supplies to create lifelike infant dolls known as "reborn dolls."[1] On March 30, 2022, Bountiful Baby filed its Complaint for copyright infringement against Defendants Adolly.com ("ADC"), Shenzhen City Aiduola Hualianwang, Ltd., doing business as Adolly US ("AUS"), Huizhou City Otard Gifts doing business as OtardDolls ("OTD"), Rugao Luoen Trading Co., Ltd. doing business as Reborn Doll Gallery ("RDG"), and Nanjing Tianzeng Gifts, Ltd. doing

---

[1] Compl. ¶¶ 3–4, 16, ECF No. 1, filed Mar. 30, 2022. *See DP Creations, LLC v. Reborn Baby Mart*, No. 2:21-cv-00574, 2021 WL 5826438, at *1 (D. Utah Dec. 8, 2021) ("Reborn dolls are intended to be indistinguishable from a real baby, and Bountiful Baby's dolls are particularly known for their uncanny realism.").

1

business as NPK ("NPK") (collectively "Defendants"). On May 17, 2023, the court granted in part and denied in part Bountiful Baby's motions for default judgment and for a permanent injunction.[2] In its order, the court found that it lacked personal jurisdiction over AUS, RDG, and NPK.[3] Bountiful Baby appealed as to AUS and RDG. On appeal, the Tenth Circuit held that this court has personal jurisdiction over AUS and RDG and remanded the case to this court.[4] For the reasons below, the court grants in part and denies in part Bountiful Baby's second motion for default judgment against AUS and RDG.[5]

## DISCUSSION

Bountiful Baby seeks default judgment, a permanent injunction, and attorney's fees and costs. The court first discusses default judgment.

**I.    Default Judgment**

Because the court has jurisdiction over AUS and RDG, it must determine whether default judgment is appropriate. "Default judgment is a harsh sanction."[6] It "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party . . . . [T]he diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."[7] Despite service of process and notice occurring in April 2022, AUS and RDG have failed to appear or defend against Bountiful Baby's

---

[2] Mem. Dec. & Order, ECF No. 60, filed on May 17, 2023.
[3] *Id.*
[4] *DP Creations, LLC v. Adolly.com*, No. 23-4126, 2024 WL 4491924 (10th Cir. Oct. 15, 2024), ECF No. 77, filed on November 6, 2024.
[5] By this order, the court amends its two prior orders, ECF Nos. 43, 60, in line with this holding.
[6] *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987).
[7] *Curne v. Liberty Mut. Ins.*, No. 21-3159, 2022 WL 1440650, at *3 (10th Cir. May 6, 2022) (unpublished) (quoting *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991)).

claims.[8] "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[9] Bountiful Baby is entitled to judgment if the Complaint and any record evidence support the claims and damages.

### A. Default Judgment Is Proper Against AUS and RDG for Five and Three Counts of Willful Infringement, Respectfully

#### 1. Claims

Bountiful Baby alleges that AUS and RDG infringed seven and three protected sculptures, respectively.[10] "Copyright infringement requires that the plaintiff prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"[11] Bountiful Baby has shown that it owns the United States Copyright Registration Numbers for the ten relevant sculptures.[12] As to the second element, the Copyright Act "enshrines the 'fundamental tenet' that copyright 'protection extends only to the author's original expression and not to the ideas embodied in that expression.'"[13] Bountiful Baby alleges that the baby sculptures are protectable expression because for each sculpture there are identifying features that make each one unique and distinguishable.[14]

---

[8] *See* ECF No. 23.
[9] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).
[10] Second Mot. for Default J. 2–3; Compl. ¶¶ 21, 26, 28, 38; Exs. D, H, J, Q, ECF Nos. 1-10, 1-19, 1-23, 1-37. In its Second Mot. for Default J., Bountiful Baby provides a chart summarizing the number of copyrighted works infringed by AUS and RDG. Second Mot. for Default J. 3. This chart states that AUS and RDG each infringed four copyrighted works but does not appear to match with the number of infringed works identified in the Complaint.
[11] *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (quoting *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).
[12] Compl. ¶¶ 19, 21, 24, 26, 28, 37, 38; Exs. D, H, J, Q.
[13] *Blehm v. Jacobs*, 702 F.3d 1193, 1200 (10th Cir. 2012) (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 832, 836 (10th Cir. 1993)); *see id.* ("[I]n looking at . . . two works of art to determine whether they are substantially similar, focus must be on the similarity of the *expression* of an idea or fact, not on the similarity of the facts, ideas or concepts themselves." (quoting *Rogers v. Koons*, 960 F.2d 301, 308 (2d Cir. 1992))).
[14] *See* Compl. ¶¶ 19–51.

"[C]ourts comparing works must first distill the protectable elements of the copyrighted work"[15] using the "'abstraction-filtration-comparison' test."[16] This test, "although sound in theory, is often difficult to apply in practice."[17] As a result, courts have utilized a more straightforward analysis when allegedly infringing products are claimed to be identical to the plaintiff's product. If "viewing the original and copied images makes clear that Defendants have copied every single constituent element of Bountiful Baby's copyrighted" sculptures, then there is a basis for the claim.[18] The court therefore analyzes each of the seven copyrighted sculptures with respect to dolls sold by AUS and RDG.

### a. Joseph Asleep Head, Joseph Arms, and Joseph Legs

First, Bountiful Baby alleges that AUS infringed the Joseph Asleep Head.[19] Comparing an image of the Joseph Asleep Head to images of AUS dolls, the court finds that the heads of the AUS dolls appear to be exact copies.[20] The respective facial features have the same proportions. The distance between the eyes, nose, and lips appears identical. The eyes have the same shape and comparative size. The eyebrow ridges have the same size, shape, and orientation. The nose has the same shape. And the forehead, cheeks, and chin have identical distinguishing features.

---

[15] *Blehm*, 702 F.3d at 1200.
[16] *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1205 (10th Cir. 2014) (quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996)).
[17] *Country Kids*, 77 F.3d at 1285.
[18] *See Reborn Baby Mart*, 2022 WL 3108232, at *3. "Not every case requires an extensive abstraction-filtration-comparison analysis. Rather, 'the appropriate test to be applied and the order in which its various components are to be applied . . . may vary depending upon the claims involved, the procedural posture of the suit, and the nature of the [works] at issue.'" *Mitel, Inc. v. Iqtel, Inc.*, 124 F.3d 1366, 1372 (10th Cir. 1997) (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 834 n.12 (10th Cir. 1993)).
[19] U.S. Copyright Reg. No. VA 2-269-514; Second Mot. for Default J. 2.
[20] Compl. ¶¶ 19, 21.

Next, Bountiful Baby alleges that AUS and RDG infringed the Joseph Arms.[21] Analyzing the images, the court finds that the arms appear identical.[22] For the left hand, the dolls appear to have matching clenched fists. The overall shape is similar. As to the right hand, the fingers point in the same direction. The arms have the same creases at the wrists and the elbows. And the forearms have the same orientation, size, and shape.

Bountiful Baby also contends that the legs associated with the AUS and RDG dolls are copies of the Joseph Legs.[23] Examining the images, the court finds that the AUS and RDG's dolls' legs appear identical to the Joseph Legs.[24] The relative sizes and proportions are the same. The toes on the left foot are close together and curled in the same manner. The toes on the right foot are also close together and slightly curled. Each set of feet point inward. Each set of legs have identical ankle creases. There is the same relative orientation between Bountiful Baby's sculpture and that of the counterfeit dolls. For these reasons, the court finds that AUS and RDG have infringed the Joseph Asleep Head, Joseph Arms, and Joseph Legs.

### b. Joseph Awake Head

Bountiful Baby alleges that AUS and RDG sell dolls with heads identical to the Joseph Awake Head.[25] Comparing the images, the court finds that the size, shape, and orientation of the lips, eyes, and cheeks are the same.[26] The mouth is curled slightly downward in the same

---

[21] U.S. Copyright Reg. No. VA 2-269-515; Second Mot. for Default J. 2.
[22] Compl. ¶¶ 19, 21, 26, 28.
[23] U.S. Copyright Reg. No. VA 2-268-599.
[24] Compl. ¶¶ 19, 26, 28.
[25] U.S. Copyright Reg. No. VA 2-269-513. In the section alleging infringement for the Joseph Awake sculptures, the Complaint depicts images of the copyrighted Joseph Arms and Joseph Legs. Compl. ¶ 24. However, the Joseph Arms and Joseph Legs are identical to the sculptures discussed for the Joseph Asleep sculptures. *Id.* ¶ 19. The court has previously discussed these two sculptures and found infringement.
[26] Compl. ¶¶ 24, 26, 28.

fashion. The facial features have similar proportions. The chin has the same shape, size, and orientation and proportions. Accordingly, the court finds that AUS and RDG have infringed the Joseph Awake Head.

### c.   Easton Head, Easton Arms, and Easton Legs

Next, Bountiful Baby alleges AUS sold dolls that infringed the Easton Head,[27] Easton Arms,[28] and Easton Legs.[29] In support, Bountiful Baby offers exemplary images of the copyrighted sculptures and one AUS doll.[30]

The respective heads appear identical. The facial features have the same size and proportion to each other. The eyes are shut on both sculptures. The creases above and below the eyes match. Both dolls' noses have the same size and shape. The cheeks and chins are identical. And the mouth and lips share distinctive features.

Turning to the Easton Arms, the alleged infringing AUS doll has different features and does not appear to infringe Bountiful Baby's work. The AUS doll has a closed or partially closed fist, as opposed to the spread-finger Easton Arms photos. Also, this same hand appears to have a raised pinky finger on the AUS doll that does not appear on the Easton Arms. The other hand appears similar, except the Easton doll's pointer finger and thumb appear to come to a closer proximity and angle compared to that of the AUS arms. In addition, the Easton Arms contain one distinct elbow crease, while the AUS arms appear to have two creases. Lastly, the elbow joint appears closer to the shoulder joint in the AUS doll compared to the Easton doll.

---

[27] U.S. Copyright Reg. No. VA 2-271-682.
[28] U.S. Copyright Reg. No. VA 2-272-482.
[29] U.S. Copyright Reg. No. VA 2-272-481.
[30] Compl. ¶¶ 37, 38; Ex. Q, ECF No. 1-37, filed Mar. 30, 2022.

6

The Easton Legs also appear different from the AUS doll's legs. The big toe on the Easton dolls appear to point either neutral or upwards, while the big toe on the AUS dolls distinctly points downward. The other toes on the AUS doll also appear more curved compared to the Easton Legs. Lastly, the Easton Legs appear to have three small creases above the knees that do not appear on the AUS doll. Similarly, the AUS doll's legs appear to have two larger creases that extend above the knee, while the remaining creases on the Easton Legs do not extend beyond the underside of the leg. For these reasons, AUS has infringed the Easton Head but not the Easton Arms or Easton Legs.

In sum, the court finds that AUS has infringed five Bountiful Baby sculptures,[31] while RDG has infringed three Bountiful Baby sculptures.[32]

### 2. Damages Against AUS and RDG

The court turns to the question of whether Bountiful Baby's allegations support damages, and if so, in what amount. "[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."[33] "[T]he hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it."[34] Here, the affidavits and documentary evidence before the court are sufficient to establish such a record.[35]

---

[31] Joseph Asleep Head, Joseph Arms, Joseph Legs, Joseph Awake Head, and Easton Head.
[32] Joseph Arms, Joseph Legs, and Joseph Awake Head.
[33] *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).
[34] *Minden Pictures*, 2023 WL 2243177, at *4 (quoting *Malluk v. Berkeley Highlands Prods., LLC*, No. 19-cv-01489, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020)).
[35] *See* Compl.; Second Mot. for Default J.; Platt Decl., ECF No. 53, filed on March 16, 2023; Pratt Decl., ECF No. 48, filed on March 16, 2023.

Bountiful Baby requests the statutory maximum for each infringement. "Statutory damages are particularly appropriate in a case, such as this one, in which [the] defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages."[36] Under the Copyright Act, the copyright owner may seek to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work" for no more than $30,000 "as the court considers just."[37] The court may award up to $150,000 for each infringed work if it finds willful infringement.[38]

### a. Number of Works Infringed

"The Copyright Act allows only one award of statutory damages against each defendant for each 'work' infringed."[39] The Act defines "one work" as "all the parts of a compilation or derivative work."[40] A "'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."[41] Circuit courts are split over what comprises "one work" and a "compilation." The D.C. Circuit, First Circuit, Seventh Circuit, Ninth Circuit, and Eleventh Circuit apply the Independent Economic Value test.[42] "[T]hose courts find independent 'works' where 'each expression . . . has an independent

---

[36] *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).
[37] 17 U.S.C. § 504(c)(1).
[38] *Id.* § 504(c)(2).
[39] *Reborn Baby Mart*, 2022 WL 3108232, at *5; *see Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990) ("[S]tatutory damages are to be calculated according to the number of works infringed, not the number of infringements.").
[40] 17 U.S.C. § 504(c)(1).
[41] *Id.* § 101.
[42] *See Walt Disney Co.*, 897 F.2d at 569; *Sullivan v. Flora, Inc.*, 936 F.3d 562, 571 (7th Cir. 2019); *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 295 (9th Cir. 1997), *rev'd sub nom. on other grounds*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998); *MCA Television Ltd. v. Feltner*, 89 F.3d 766, 769 (11th Cir. 1996); *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1117 (1st Cir. 1993).

economic value and is, in itself, viable.'"[43] Conversely, the Second Circuit has held that "all parts of a compilation must be treated as one work for the purpose of calculating statutory damages" with "no exception for a part of a compilation that has independent economic value, and the [c]ourt will not create such an exception."[44]

The court does not need to address the circuit court split. Each Bountiful Baby sculpture is separately copyrighted and the individual sculptures may be shipped separately or together.[45] The process for making each sculpture is unique because "it requires different 3D scans and the work of a different artist to create the sculptures."[46] The sculptures have independent economic value because each one represents an independent artistic effort. In sum, the court finds that each sculpture "constitutes a separate 'work' for purposes of statutory damages."[47]

### b. Willfulness

If the infringement was "committed willfully, the court in its discretion may increase the award of statutory damages" from $30,000 to $150,000 per infringement.[48] "In order to show that infringement was willful, the plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement."[49]

---

[43] *Reborn Baby Mart*, 2022 WL 3108232, at *6 (quoting *Gamma Audio & Video*, 11 F.3d at 1116–17).
[44] *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 142 (2d Cir. 2010).
[45] Pratt Decl. ¶ 17.
[46] *Id.* ¶¶ 4–6.
[47] *Reborn Baby Mart*, 2022 WL 3108232, at *6.
[48] 17 U.S.C. § 504(c)(2); *see DP Creations, LLC v. Lyn*, No. 2:22-cv-00200, 2022 WL 17821681, at *2 (D. Utah Dec. 20, 2022) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." (citation omitted)).
[49] *DP Creations, LLC v. Li*, No. 2:22-cv-00337, 2022 WL 17620388, at *2 (D. Utah Dec. 13, 2022) (citation omitted).

A few factors weigh in favor of a finding of willfulness. "[T]he evidence demonstrates that [AUS and RDG] misappropriated the . . . sculpture design[s] directly from Bountiful Baby . . . with the intent to deceive customers into purchasing their products."[50] AUS and RDG sold counterfeits of five and three copyrighted sculptures, respectively. Additionally, these products were among Bountiful Baby's well-known creations.[51] Accordingly, the court finds that AUS and RDG willfully infringed Bountiful Baby's sculptures.

### c. Statutory Damages

Bountiful Baby requests the statutory maximum for damages on each count of willful infringement.[52] "Courts consider certain factors in determining 'what is a just amount of statutory damages in the copyright infringement context,' including 'the expenses saved and the profits reaped,' 'the revenues lost by the plaintiff,' and 'whether the defendant's conduct was innocent or willful.'"[53] Additional factors are the potential for discouraging AUS and RDG from future infringement, general deterrence, and "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced."[54]

Beginning with AUS, the first two factors support an award higher than the minimum statutory damages. AUS has made 734 sales in the United States totaling at least $86,185.74.[55] AUS also likely saved a significant amount of money in development, given that Bountiful Baby

---

[50] *Reborn Baby Mart*, 2022 WL 3108232, at *7.
[51] Pratt Decl. ¶ 9.
[52] Second Mot. for Default J. 22.
[53] *Disney Enters., Inc. v. VidAngel, Inc.*, No. 2:19-mc-00122, 2019 WL 1080880, at *1 (D. Utah Mar. 7, 2019) (quoting *Prod. Partners, LLC v. Aucoin*, No. CV 09-7504, 2011 WL 13190160, at *2 n.2 (C.D. Cal. Jan. 12, 2011)).
[54] *Klein-Becker USA, LLC v. Englert*, No. 2:06-cv-378, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011), *aff'd*, 711 F.3d 1153 (10th Cir. 2013).
[55] Platt Decl. ¶ 3.

avers that it has spent millions of dollars developing technology to create its unique sculptures.[56] In effect, AUS intentionally has misappropriated something not for sale because Bountiful Baby does not license its intellectual property.[57] While the exact amount of AUS's profits and Bountiful Baby's losses are unknown, "that [fact] is neither surprising nor dispositive since much of the data is solely within the absent [AUS's] control."[58]

The next four factors also support an award significantly above the statutory minimum. AUS's conduct was willful. As to the potential for discouraging future infringement, although Bountiful Baby has not provided evidence that AUS continues to infringe on its products following the court's preliminary injunction, general deterrence is also important to consider. This is not the first case involving a foreign company selling counterfeit reborn dolls.[59] A substantial damage award will send an appropriately strong message to potential counterfeiters. Additionally, based on AUS's willfulness, it appears that AUS "deliberately used Bountiful Baby's hard-earned intellectual property to make a quick profit on the internet."[60]

For these reasons, Bountiful Baby merits an award above the statutory minimum. But maximum statutory damages are not warranted. As a result, the court finds as appropriate an award of $450,000 for AUS's willful infringement.[61]

The above reasoning applies with equal force to RDG's conduct, with one notable exception. Unlike AUS, Bountiful Baby only alleges that RDG conducted three sales in the

---

[56] Pratt Decl. ¶ 5.
[57] *Id.* ¶ 18.
[58] *Reborn Baby Mart*, 2022 WL 3108232, at *7.
[59] *See DP Creations, LLC v. Xiaoxia*, No. 2:22-cv-00765, 2023 WL 399865 (D. Utah Jan. 25, 2023); *Lyn*, 2022 WL 17821681; *Li*, 2022 WL 17620388; *Reborn Baby Mart*, 2022 WL 3108232.
[60] *Reborn Baby Mart*, 2022 WL 3108232, at *8.
[61] Damages of $90,000 each for the five counts of infringement.

United States totaling at least $380.19.[62] Given these minimal number of sales, and the fact that RDG infringed only three products compared to AUS infringing five products, the court finds as appropriate an award of $150,000 for RDG's willful infringement.[63]

## II.     Permanent Injunction

The court granted a preliminary injunction on May 9, 2022 against ADC, AUS, OTD, RDG, and NPK.[64] On November 2, 2022, the court entered a permanent injunction against ADC.[65] Bountiful Baby renewed its request for a permanent injunction against Defendants.[66] In the court's prior order, it held that it did not have personal jurisdiction over AUS and RDG, and instead solely analyzed whether Bountiful Baby was entitled to a permanent injunction against OTD.[67] The court determined that all four factors weighed in favor of granting Bountiful Baby a permanent injunction against OTD.[68] Given that the court has jurisdiction over AUS and RDG, it concludes that Bountiful Baby is entitled to a permanent injunction against AUS and RDG for the same reasons as stated in its prior order.[69]

## III.    Attorney's Fees and Costs

In its previous memorandum decision and order, the court awarded Bountiful Baby $52,477.59 in fees and costs jointly and severally against ADC and OTD.[70] "The Copyright Act expressly permits the court to award the prevailing party its 'full costs,' including 'reasonable

---

[62] Platt Decl. ¶ 3.
[63] Damages of $50,000 each for the three counts of infringement.
[64] ECF No. 30.
[65] ECF No. 42.
[66] Second Mot. for Default J.
[67] Mem. Dec. & Order 31–33, ECF No. 60, filed on May 17, 2023.
[68] *Id.*
[69] *See id.*
[70] *Id.* at 34–35.

attorney's fees.'"[71] Bountiful Baby has prevailed in its copyright infringement action. Even so, "[f]ees under § 505 are not awarded 'as a matter of course.'"[72] "The Supreme Court has recognized several nonexclusive factors in determining reasonable fees: 'frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence.'"[73] The court must consider whether it should grant fees and costs and, if so, determine a reasonable amount.

AUS and RDG have shown bad faith because they willfully infringed eight Bountiful Baby copyrighted sculptures. By successfully marketing their counterfeit goods to the United States, they have collected revenue. "Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of willfulness."[74] Fees and costs will help compensate Bountiful Baby. Plus, it will "further the goal of deterrence" as to AUS, RDG, and potential infringers.[75] Bountiful Baby is thus entitled to reasonable fees and costs.

"A court will generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the

---

[71] *Reborn Baby Mart*, 2022 WL 3108232, at *9; 17 U.S.C. § 505; *see Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1179 (10th Cir. 2011), *aff'd*, 568 U.S. 371 (2013). The court notes that it generally "may not award attorney's fees without holding a hearing to determine the amount." *Venable*, 721 F.2d at 300. However, the court finds that the detailed declaration of counsel and time reports provide substantial documentary evidence from which a well-supported determination of fees may be made. *See* Decl. of Brian N. Platt in Support of Claim for Att'y Fees ¶¶ 1–11 ("Platt Decl. for Fees"), ECF No. 50, filed Mar. 16, 2023; Ex. A, Platt Decl. for Fees.
[72] *Vient v. Ancestry*, No. 2:19-cv-51, 2021 WL 2141768, at *2 (D. Utah May 26, 2021) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)).
[73] *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19).
[74] *Reborn Baby Mart*, 2022 WL 3108232, at *9 (*quoting Tu v. TAD Sys. Tech. Inc.*, No. 08-cv-3822, 2009 WL 2905780, at *8 (E.D.N.Y. Sept. 10, 2009)).
[75] *Id.*

suit and its outcome."[76] Counsel charge reasonable hourly rates given their experience and expertise.[77] And counsel also offer detailed logs showing hours worked and a description of the work performed.[78] The court finds that the fees are reasonable based on the hours and rates.

Consequently, the court amends its prior award of fees and costs to Bountiful Baby and against ADC and OTD to now include AUS and RDG, jointly and severally, in the amount of $52,477.59.

**ORDER**

Accordingly, the court GRANTS IN PART AND DENIES IN PART Plaintiff's Second Motion for Default Judgment[79] and AMENDS the court's November 2, 2022 and May 17, 2023 Orders Granting in Part and Denying in Part Plaintiff's First and Second Motions for Default Judgment.[80]

1. The court GRANTS IN PART AND DENIES IN PART the motion for default judgment. The court GRANTS default judgment against AUS and RDG in the amounts of $450,000 and $150,000, respectively.

2. The court GRANTS IN PART AND DENIES IN PART Plaintiff's second motion for a permanent injunction.[81] The court GRANTS the motion for a permanent injunction against AUS and RDG pursuant to a separately filed order.

---

[76] *Snyder v. Acord Corp.*, 811 F. App'x 447, 464 (10th Cir. 2020) (unpublished) (quoting *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)).
[77] *See* Platt Decl. for Fees ¶¶ 6–10 (between $250 and $525 per hour).
[78] Ex. A, Platt Decl. for Fees.
[79] ECF No. 57.
[80] ECF Nos. 33, 43, 57, 60.
[81] ECF No. 57.

3. The court AWARDS Plaintiff $52,477.59 in attorney's fees and costs against ADC, OTD, AUS, and RDG, jointly and severally. This award replaces the prior attorney's fees and costs award against ADC and OTD, jointly and severally.[82]

Signed December 9, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[82] ECF No. 60.